**WO**

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

|  |  |
|---|---|
| TRUSTEES OF THE NATIONAL ASBESTOS WORKERS MEDICAL FUND,<br><br>           Plaintiff/Judgment Creditor,<br><br>      v.<br><br>EAGLE MECHANICAL INSULATION LLC,<br><br>           Defendant/Judgment Debtor.<br><br>WELLS FARGO BANK,<br><br>           Garnishee. | No. MC12-0096-PHX-DGC<br><br>**ORDER AND JUDGMENT AGAINST GARNISHEE (NON-EARNINGS)** |

Before the Court is the Application for Judgment on Garnishment of Non-Earnings filed by Plaintiff/Judgment Creditor Trustees of the National Asbestos Workers Medical Fund ("Plaintiff") (Doc. 6), United States Magistrate Steven P. Logan's Report and Recommendation ("R & R") (Doc. 8), and Plaintiff's second Application for Judgment on Garnishment of Non-Earnings (Doc. 15). The R & R recommends that the Court deny Plaintiff's original Application (Doc. 6) because the record, at the time, did not establish that Defendant/Judgment Debtor Eagle Mechanical Insulation LLC ("Defendant") had received "a copy of the summons and writ of garnishment, a copy of the underlying judgment and the notice to judgment debtor and request

for hearing form," as required by Arizona's garnishment statute. *See* A.R.S. § 12-1574(D). Judge Logan found that "the Writ of Garnishment and Summons (Doc. 3) d[id] not instruct Garnishee to serve Defendant with those documents," and "[i]n its Answer (Doc. 5), Garnishee . . . does not assert that those documents were mailed to Defendant . . . [and] states only that a copy of the Answer has been delivered to Plaintiff and Defendant (Doc. 5 at 2)." Doc. 8 at 3.  Plaintiff's response to the R & R requested that the Court delay ruling on the original Application until the Garnishee answers a newly issued Writ of Garnishment. Doc. 12.

The Court issued a second Writ of Garnishment to Garnishee that specifically instructed Garnishee to serve the statutorily required papers on Defendant. Doc. 11. Garnishee's Answer certifies that "a copy of the summons and writ of garnishment, a copy of the underlying judgment and the notice to judgment debtor and request for hearing form was delivered to the judgment debtor on 12/7/12 [], via mail." Doc. 14 at 2. The Answer also shows the following:

1. Garnishee owes Judgment Debtor $4,616.37.
2. Garnishee claims an answering fee of $100.00.

Plaintiff's Second Application for Judgment on Garnishment of Non-Earnings requests that the Court enter judgment on its behalf because the record now establishes that the deficiencies found in Judge Logan's R & R have been cured. Doc. 15. The record does so demonstrate.

THEREFORE, IT IS ORDERED that Plaintiff has judgment against Garnishee in the amount of $4,516.37.

IT IS FURTHER ORDERED that Garnishee has judgment against Defendant in the amount of $100.00 for reasonable compensation for answering the Writ, to be paid from the garnished funds pursuant to A.R.S. § 12-1591(b).

**IT IS ORDERED:**

1. Magistrate Judge Steven P. Logan's R & R (Doc. 8) is **accepted**, and Plaintiff's original Application for Judgment on Garnishment of Non-Earnings (Doc. 6) is **denied**.

2. Plaintiff's second Application for Judgment on Garnishment of Non-Earnings (Doc. 15) is **granted**.

3. The Clerk is directed to enter judgment for Plaintiff against Garnishee in the amount of $4,516.37 and judgment for Garnishee against Defendant in the amount of $100.00. The Clerk shall then terminate this action.

Dated this 28th day of January, 2013.

_____
David G. Campbell
United States District Judge